IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Reginald Andre Blanding; Wanda Blanding; Brittani Blanding, *by and through her Guardian ad Litems Reginald Andre Blanding and Wanda Blanding*, <br><br> Plaintiffs, <br><br> v. <br><br> Richland County Sheriff's Department; Leon Lott; Rickey E. Johnson, Jr.; Frida W. Wyatt; Adrian P. Thompson; Adam C. Cornwell; Sara N. Giron; George C. Becker; Unknown Confidential Informant; Lieutenant Cowan; Micheal C. Nawrockyj, <br><br> Defendants. | C/A No. 3:14-299-JMC-PJG <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

Plaintiffs Reginald Andre Blanding, Wanda Blanding, and Brittani Blanding filed this action alleging a violation of their constitutional rights by the defendants under 42 U.S.C. § 1983. The Blandings also allege state law tort claims against the defendants. The defendants removed this action from the Richland County Court of Common Pleas. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 19.) The Blandings filed a response in opposition (ECF Nos. 24 & 25) and the defendants filed a reply (ECF No. 27.)

The Blandings' claims all arise from an incident on October 20, 2011, when the defendants, who are alleged to be employees or agents of the Richland County Sheriff's Department, searched the Blandings' residence pursuant to a search warrant. Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be

*PJG*

granted, in part, as to all federal and state claims conceded by the Blandings. The court further concludes that the remaining two state law claims should be remanded.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Blandings' Claims**

In their response in opposition to the defendants' motion for summary judgment, the Blandings concede that the defendants are entitled to summary judgment as to all federal claims brought pursuant to 42 U.S.C. § 1983. (Blandings' Resp. Opp'n Summ. J. at 1-2, 19, ECF No., 24-1 at 1-2, 19.) The Blandings further concede that all defendants are entitled to summary judgment as to the following state law claims: Negligent Supervision (Count Two); Negligent Training (Count Three); Trespassing (Count Four); Assault (Count Five); Battery (Count Six); and False Imprisonment (Count Seven). Thus, the only claims remaining to be adjudicated in this action are the Blandings' claims of gross negligence (Count One) and defamation (Count Eight). The Blandings ask the court to remand this case to state court for further proceedings. (Id. at 19.)

In light of the Blandings' concession to the defendants' motion for summary judgment as to all federal claims, the court should exercise its discretion to remand the remaining state law claims of gross negligence and defamation. See 28 U.S.C. § 1367(c) (authorizing a district court to decline to exercise jurisdiction over a supplemental claim if the court has dismissed all claims over which it had original jurisdiction); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988) (discussing the factors in deciding whether to exercise supplemental jurisdiction after removal).

**RECOMMENDATION**

Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 19) be granted, in part, as to all of Blandings' federal claims, and as to Blandings' state law claims of negligent supervision, negligent training, trespassing, assault, battery, and false



imprisonment. It is further recommended that the court decline to exercise supplemental jurisdiction over the remaining state law claims, Blandings' claims of gross negligence and defamation, and that the court remand those claims to the Richland County Court of Common Pleas.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 15, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).