## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Reginald Andre Blanding; Wanda Blanding; Brittani Blanding, *by and through her Guardian ad Litems Reginald Andre Blanding and Wanda Blanding*, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 3:14-cv-00299-JMC |
| v. ) ) | **AMENDED ORDER AND OPINION** |
| Richland County Sheriff's Department; Leon Lott; Rickey E. Johnson, Jr.; Frida W. Wyatt; Adrian P. Thompson; Adam C. Cornwell; Sara N. Giron; George C. Becker; Unknown Confidential Informant; Lieutenant Cowan; Micheal C. Nawrockyj, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

Plaintiffs Reginald Andre Blanding, Wanda Blanding, and Brittani Blanding (collectively "Plaintiffs") filed the underlying action alleging a violation of their constitutional rights under 42 U.S.C. § 1983 by Defendants George C. Becker, Adam C. Cornwell, Lieutenant Cowan, Sara N. Giron, Rickey E. Johnson, Jr., Leon Lott, Micheal Nawrockyj, Richland County Sheriff's Department, Adrian P. Thompson, and Frida W. Wyatt (collectively "Defendants"). (ECF No. 1-1.) Plaintiffs also allege state law tort claims against Defendants. This matter is before the court pursuant to Defendants' Motion for Summary Judgment (ECF No. 19).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 15, 2015, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court (1) grant Defendants' Motion for Summary Judgment, in part, as to

1

all of the federal claims, and as to the state law claims of negligent supervision, negligent training, trespassing, assault, battery, and false imprisonment; (2) decline to exercise supplemental jurisdiction over the remaining state law claims; and (3) remand the remaining state law claims of gross negligence and defamation to the Richland County Court of Common Pleas. (ECF No. 29.) Plaintiff did not file objections to the Magistrate Judge's recommendation. For the reasons set forth herein, the court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 19), in part, as to all of Plaintiffs' federal claims, and as to Plaintiffs' state law claims of negligent supervision, negligent training, trespassing, assault, battery, and false imprisonment. The court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims. The court **REMANDS** Plaintiffs' claims of gross negligence and defamation to the Richland County Court of Common Pleas for further proceedings.

## I.     JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Amended Complaint asserts claims under 42 U.S.C. § 1983.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The following relevant facts are viewed in a light most favorable to Plaintiffs.

Plaintiffs' claims all arise from an incident on October 20, 2011, when Defendants, who are alleged to be employees or agents of the Richland County Sheriff's Department, searched Plaintiffs' residence pursuant to a search warrant. On Friday, October 14, 2011, the Drug Suppression Team ("DST") of the Richland County Sheriff's Department ("RCSD") received a written complaint from then-County Councilperson Val Hutchinson ("Hutchinson complaint") about illegal narcotics sales taking place at two trailers, both of which are in the vicinity of Plaintiffs' residence. (ECF No. 19-1 at 1.) Senior Deputy Ricky Johnson was assigned and

spearheaded the investigation into Hutchinson's complaint. (*Id*. at 2.) Johnson began collecting information with respect to the two trailers, and on October 17, 2011, Johnson and other DST members went to the two trailer locations to conduct a "knock and talk" investigation. (*Id*. at 3.) This process involves uniformed officers making contact with the individuals at both trailer locations and addressing concerns presented in Hutchinson's complaint. No arrests were made at this point, but officers interacted with individuals at the trailers, some of which were in possession of crack pipes. (*Id*.)

On Tuesday, October 18, 2011, the DST initiated a narcotics controlled purchase investigation in the neighborhood. (*Id*.) Johnson employed his confidential informant ("CI") in this investigation. At this point, the CI had been involved in approximately thirty investigations and was considered to be extremely trustworthy given his past results. (*Id*.) The CI was directed to inspect what drug sales or activity might be taking place at the trailers, and pursue the purchase of drugs. (*Id*.) The CI returned twenty to thirty minutes later. (*Id*.) The CI's debriefing yielded the following: The CI had a conversation with a male on a bicycle concerning the purchase of narcotics. The CI then made a purchase on the back porch of the residence at 402 Gibbs Road from "a black male named, Peanut." (*Id*. at 4; *see also* ECF No. 19-14 at 11-12; ECF No. 19-16 at 3.) The CI also produced a white, rock-like substance, which he confirmed that he purchased from "Peanut." (*Id*.) The CI then specifically pointed out the location where the purchase was made to Johnson and Cornwell. The substance was field tested and returned positive results for cocaine base. (*Id*.)

The location of the purchase was cross-referenced using Richland County Geographic Information System mapping used for tax purposes, which returned a location of 402 Gibbs Road. (*Id*. at 5.) Johnson additionally ascertained that Blanding was the last name of the owner

3

of the house.  (*Id.*)  Johnson thereafter prepared a search warrant affidavit and associated warrant paperwork for the search of the house.  (*Id.*)

On October 20, 2011, Johnson then proceeded to Richland County Magistrate Judge Carolina W. Streater who issued the search warrant at about 12:20 p.m.  (*Id.*)  The search warrant was primarily obtained for the search of the premises itself, rather than the occupants.  (*Id.*)  Within minutes of its issuance, the search warrant was executed at 402 Gibbs Road.  (*Id.* at 6.)  Participating in the execution were Defendants Johnson, Wyatt, Thompson, and Giron.  (*Id.*)  Once Defendants discovered the trailer was free of occupants, they left momentarily to allow Nawrockyj, the K-9 officer and his canine to enter and conduct a search.  (*Id.*)

Meanwhile, Plaintiff Brittani Blanding ("Brittani") and her female cousin, Taylor Blanding, both approximately seventeen years of age, finished high school classes for the day and returned to 402 Gibbs Road.  (*Id.*)  Officers approached Brittani and questioned her, as well as told her to contact her parents to have them return home as soon as practicable.  (*Id.*)  Wyatt conducted a frisk search of the females with negative results.  (*Id.*)

This action was originally brought in the Richland County Court of Common Pleas by Plaintiffs against the named Defendants for alleged deprivations of their federal constitutional rights pursuant to 42 U.S.C. § 1983.  (ECF No. 1-1 at 16 ¶ 85–17 ¶ 93.)  Plaintiffs additionally alleged state court causes of action of negligence, negligent supervision, negligent training, trespassing, assault, battery, false imprisonment, and defamation.  (*Id.* at 8 ¶ 30–15 ¶ 80.)  Defendants assert they were acting within the course and scope of their official duties, and as a result, all named RCSD Defendants are entitled to employee immunity under S.C. Code Ann. § 15-78-70(a) and (b) (1976) and Plaintiffs' claims must be dismissed as a matter of law.  (ECF No. 19-1 at 7 n.2.)  Defendants assert that Plaintiffs' Amended Complaint challenges the

adequacy of the information relied upon by the DST, the sufficiency of the search warrant, and the nature and scope of the frisk search with respect to Brittani, as well as alleged statements made by Defendant Cowan directly or on behalf of the Defendant Sheriff concerning this residence being involved with drug transactions. (ECF No. 19-1 at 7.) Defendants further assert that they acted appropriately and reasonably at all relevant times and categorically deny that they violated Plaintiffs' constitutional rights. Consequently, Defendants' RCSD, Lott, Cowan, Johnson, Wyatt, Thompson, Cornwell, Giron, Becker, and Nawrockyj moved for summary judgment pursuant to Fed. R. Civ. P. 56 on the following grounds: (1) Plaintiffs Reginald and Wanda Blanding have failed to state causes of action against Defendants for illegal seizure and false imprisonment under 42 U.S.C. § 1983, (2) Defendant investigators were justified in detaining and searching Brittani, (3) pursuant to *Harlow v. Fitzgerald*, Defendant investigators are entitled to qualified immunity from all liability, (4) Defendants RCSD and Sheriff Lott are not amenable to suit, (5) Plaintiffs have not stated a negligence claim and these causes of action should be dismissed, (6) Brittani failed to state a claim against Defendants for battery, and (7) Plaintiffs have failed to state a claim for defamation against Defendants. (ECF No. 19-1 at 7–8.) Plaintiffs filed a Response in Opposition to Defendants' Motion for Summary Judgment (ECF Nos. 24, 25) and Defendants filed a Reply (ECF No. 27).

### III.     LEGAL STANDARDS AND ANALYSIS

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to the Report and Recommendation must specifically identify portions of the Report and Recommendation and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a report and recommendation will result in a waiver of the right to appeal from an order from the court based upon the report and recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Fed. R. Civ. P. 56(a) mandates the entry of summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." (*Id.* at 248.) The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. (*Id.* at 324.) Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. (*Id.*) Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 251. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Summary judgment is particularly appropriate in cases involving the qualified immunity defense because qualified immunity exists to protect government officials not only from liability, but also from trial. *Mitchell v. Forsyth*, 472 U.S. 511 (1985). The Fourth Circuit has also strongly announced a preference to resolve civil rights cases involving qualified immunity through dismissal short of trial. *Pittman v. Nelms*, 87 F.3d 116 (4th Cir. 1996). The court will thoroughly address each of Plaintiff's objections in turn.

In Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 24, 25), Plaintiffs concede that Defendants are entitled to summary judgment as to all federal claims brought pursuant to 42 U.S.C. § 1983. (ECF No. 24-1 at 1-2, 19.) Plaintiffs further concede that all Defendants are entitled to summary judgment as to the following state

law claims: negligent supervision (Count Two); negligent training (Count Three); trespassing (Count Four); assault (Count Five); battery (Count Six); and false imprisonment (Count Seven). Thus, the only claims remaining to be adjudicated in this action are Plaintiffs' claims of gross negligence (Count One) and defamation (Count Eight). Plaintiffs ask the court to remand this case to state court for further proceedings. (*Id*. at 19.)

In Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 24), Brittani confirms that Plaintiffs' neighborhood "was known as a high-drug area." (ECF No. 24-2 at 111:15-18.) Brittani further confirms that "Richland County Sheriff's Department maintained a visible police presence in [Plaintiffs'] neighborhood and would park marked patrol cars across the road and to the right of [Plaintiffs'] home." (*Id.* at 109:2–18; 111:1–18; 112:4–10; 112:24–113:16.) Additionally, "Once the police officers learned from Aunt May (Reginald Blanding's sister) that they had the wrong house, they began wrapping up the search." (*Id.* at 93:17–94:12.) As Defendants were finishing the search, Reginald Blanding arrived home. (*Id.* at 91:8–10, 21–92:2.) According to Brittani, Defendants were rude and unapologetic, and it took about a week before the house was cleaned up. (*Id*.)

Brittani confirmed that Gregory Samuels is also known as "Peanut." (*Id*. at 35:3–9.) Gregory Samuels is a first cousin of Brittani and the nephew of Reginald and Wanda Blanding. (*Id*. at 10–16.) Gregory Samuels was not in jail at the time of the raid on the home. (*Id*. at 38:2–9.) Plaintiffs believed that [Gregory Samuels] had been in and out of jail and that he was involved with drugs. (*Id*. at 84:3–18.) Gregory Samuels sometimes lives in a trailer behind Plaintiffs' property, about 80 to 100 yards from Plaintiffs' home. (*Id*. at 98:10–100:6; 103:9–12; ECF No. 24-3 at 86:12–16.)

In the Report and Recommendation, the Magistrate Judge observed that in light of

8

Plaintiffs' concession to Defendants' Motion for Summary Judgment as to all federal claims and the state law clams of negligent supervision, negligent training, trespassing, assault, battery, and false imprisonment, the court should exercise discretion and remand the remaining state law claims of gross negligence and defamation for further proceedings.  (ECF No. 29 at 3 (citing 28 U.S.C. § 1367(c) (authorizing a district court to decline to exercise jurisdiction over a supplemental claim if the court has dismissed all claims over which it had original jurisdiction); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988) (discussing the factors in deciding whether to exercise supplemental jurisdiction after removal)).)  Plaintiffs did not file objections to the Magistrate Judge's recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  After carefully reviewing the record and the applicable law, the court agrees with the Magistrate Judge's findings.  Accordingly, Defendants' Motion for Summary Judgment should be granted as outlined by the Magistrate Judge.

## IV.    CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 19), in part, as to all of Plaintiffs' federal claims, and as to Plaintiffs' state law claims of negligent supervision, negligent training, trespassing, assault, battery, and false imprisonment.  The court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims.  The court **REMANDS** Plaintiffs' claims of gross negligence and defamation to the Richland County Court of Common Pleas for further proceedings.  The court adopts the Magistrate Judge's Report and Recommendation (ECF No. 29) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 17, 2015
Columbia, South Carolina